**JO. W., Appellant–Respondent,**

v.

**JE. W., Appellee–Petitioner.**

**No. 02A04–1012–DR–811.**

Court of Appeals of Indiana.

July 26, 2011.

Jo. W., Bunker Hill, IN, pro se.

**OPINION**

MAY, Judge.

Jo. W. (Husband) appeals the denial of his Indiana Trial Rule 60(B) motion for relief from judgment. We affirm.

**FACTS AND PROCEDURAL HISTORY**

Husband and Je. W. (Wife) were married December 13, 2001. B.W. was born

July 12, 2003. Wife filed for dissolution of the marriage on October 5, 2005, and the trial court entered a dissolution decree on May 6, 2006. Husband was ordered to pay $41.00 per week in child support for B.W.

On October 6, 2010, Husband filed a "Verified Motion to Establish Paternity Using the Human Deoxyrbonucleic (sic) Acid Test," (App. at 12–14), in which he contended he should not be responsible for B.W.'s child support because he was incarcerated at the time of B.W.'s conception and birth.[1] The trial court denied his motion:

> The Court construes the October 6, 2010 Verified Motion as one seeking relief pursuant to Indiana Trial Rule 60(B).... Trial Rule 60(B) sets time limits for filing such a motion. Respondent's motion does not recite how it complies with the time limits. Respondent sets forth no basis for his waiting more than four (4) years after the entry of the Decree before filing the instant challenge to that Decree.

(App. at 17.) Husband filed a motion to correct error, which the trial court also denied.

## DISCUSSION AND DECISION

■ We first note Wife did not file a brief. When an appellee does not submit a brief, we do not undertake the burden of developing arguments for that party. Instead, we apply a less stringent standard of review and may reverse if the appellant establishes *prima facie* error. *Thurman v. Thurman*, 777 N.E.2d 41, 42 (Ind.Ct. App.2002). *Prima facie* error is "error at first sight, on first appearance, or on the face of it." *Van Wieren v. Van Wieren*, 858 N.E.2d 216, 221 (Ind.Ct.App.2006). Still, we must correctly apply the law to

the facts in the record in order to determine whether reversal is required. *Dominiack Mechanical, Inc. v. Dunbar*, 757 N.E.2d 186, 188 n. 1 (Ind.Ct.App.2001).

■ We review for abuse of discretion the denial of a motion to correct error. *Scales v. Scales*, 891 N.E.2d 1116, 1120 (Ind.Ct.App.2008). As Husband asked the court to reconsider its denial of his motion for relief from judgment, he can demonstrate an abuse of discretion in the denial of his motion to correct error only by demonstrating the court erroneously denied his motion for relief from judgment.

■■ Whether to grant a motion for relief from judgment under T.R. 60(B) is within the discretion of the trial court, and we reverse only for abuse of that discretion. *Miller v. Moore*, 696 N.E.2d 888, 889 (Ind.Ct.App.1998). An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before it, or if the trial court has misinterpreted the law. *Id.* When we review a trial court's decision, we will not reweigh the evidence. *Beike v. Beike*, 805 N.E.2d 1265, 1267 (Ind.Ct.App.2004).

In his motion for relief from judgment, Husband alleged fraud by Wife. Under T.R. 60(B)(3), a motion based on intrinsic fraud, extrinsic fraud, or fraud on the court may be brought if the fraud was committed by an adverse party and had an adverse effect on the moving party. *Stonger v. Sorrell*, 776 N.E.2d 353, 356 (Ind. 2002). A motion for relief under T.R. 60(B)(3) must be filed within one year after the judgment was entered. Husband filed his motion four years after the dissolution order he now wishes to set aside, so he may not obtain relief under that section.

---

1. Husband contends he was incarcerated "On or about May 14, 2002 until August 11, 2003," (Br. of Appellant at 2), but the record does not reflect he provided the trial court documentation to support that allegation.

However, T.R. 60(B) "does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding or for fraud upon the court." T.R. 60(B). Therefore, we must determine whether Husband's motion is "an independent action."

■■■ An independent action can be brought within a reasonable time after the judgment and must allege either extrinsic fraud or fraud upon the court. *Stonger*, 776 N.E.2d at 356. An independent action is subject to the doctrine of laches, and its remedy is limited. *Id.* While intrinsic fraud involves perjury or falsification of documents, extrinsic fraud and fraud upon the court require more than just the presentation of evidence that is false. *Glover v. Torrence*, 723 N.E.2d 924, 933 (Ind.Ct. App.2000). Extrinsic fraud is best characterized as fraud outside the issues of the case, and may be found where the alleged fraud prevented "a trial of the issue in the case or improperly procured the exercise of the court's jurisdiction." *Id.* Fraud upon the court, while similar to extrinsic fraud, has been more narrowly limited to include only "the most egregious of circumstances where an unconscionable plan or scheme was used to improperly influence the court's decision, and such acts prevented the opposing party from fully and fairly presenting his case." *Id.*

■■■ Husband asserts Wife committed extrinsic fraud when she indicated on the dissolution petition there was a child born of the marriage. She did not. In *Glover,* we explained:

Instead of demanding such independent verification or conducting discovery, Mother took Father at his word and then waited nearly four years after the judgment was entered to challenge such information. As each party's income was clearly an issue in the child support proceedings and Father's actions did not prevent a trial of this issue or rise to the level of an unconscionable plan or scheme which prevented Mother from fully and fairly presenting her case, we find that his actions merely amounted to intrinsic fraud.

*Id.* The same rationale applies here.

When Wife filed the dissolution action, she was required to inform the trial court of any child "of the marriage." *See* Ind. Code § 31–15–2–5 (petition for dissolution of marriage must include the name, age, and address of any living child of the marriage less than twenty-one years of age). Indiana law presumes a man is the father of a child if "(A) [the] man and the child's biological mother are or have been married to each other; and (B) [the] child is born during the marriage or not later than three hundred (300) days after the marriage is terminated by death, annulment, or dissolution." Ind.Code § 31–14–7–1. In a dissolution proceeding, "silence and this presumption [of paternity pursuant to Ind.Code § 31–14–7–1] will establish paternity." *Cooper v. Cooper,* 608 N.E.2d 1386, 1387 (Ind.Ct.App.1993).

Thus, B.W. was presumed a child of the marriage, and her custody and support were issues before the court in the dissolution action. Husband did not attend the dissolution hearing, respond to Wife's petition, or attempt to rebut the presumption of paternity. *See Stolberg v. Stolberg,* 538 N.E.2d 1, 5 (Ind.Ct.App.1989) (party may not take advantage of an error he commits or invites, or that is the natural consequence of his own neglect or misconduct).

Husband has not argued Wife questioned the child's paternity or ever indicated Husband might not be the father, nor has he presented evidence she hatched "an unconscionable plan or scheme ... to improperly influence the court's decision." *See Glover,* 723 N.E.2d at 933. As the

elements of extrinsic fraud and fraud upon the court are not satisfied, the fraud alleged by Husband is intrinsic only. *See id.*

■ An allegation of intrinsic fraud is governed by T.R. 60(B)(3), and a motion for relief under T.R. 60(B)(3) must be brought within one year from the date of the judgment challenged. *See* T.R. 60(B). Husband's motion was not timely and the trial court properly denied it. Thus, there was no abuse of discretion in the denial of Husband's motion to correct error, and we affirm.

Affirmed.

BAKER, J., and BRADFORD, J., concur.