**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JESSICA L. HOOVER**
Law Office of Jessica L. Hoover, LLC
Kentland, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| PATRICK PALMER JR., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 37A04-1312-DR-637 |
| | ) | |
| CHASTITY CARSE, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE JASPER SUPERIOR COURT
The Honorable James R. Ahler, Judge
Cause No. 37D01-1009-DR-413

**August 8, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Father appeals from the trial court's denial of his petition to modify custody of his and Mother's children, A.P. and N.P. He presents the following restated issue for review: Did the trial court abuse its discretion when it determined that Father failed to establish that modification was in the children's best interests?

We affirm.

The record before us is frustratingly sparse, requiring us to cobble together the facts as best we can. A.P. and N.P. were born November 10, 2006 and November 27, 2007, respectively, during Mother and Father's marriage. Mother also has two older sons born prior to the marriage. Mother and Father's marriage was dissolved at some point, and Mother was apparently awarded custody of the children.[1] It is unclear if or how often Father exercised parenting time.

After the marital residence burned down in 2010, Mother took the children and moved to Texas, where her father lived. She did this without providing prior notice to Father or the dissolution court. This resulted in the children having no contact with Father for approximately one month until he eventually located them. At some point thereafter, Mother filed a belated notice of intent to relocate. The cause was transferred to Jasper County on September 14, 2010, under the instant cause number.

On September 29, 2010, Father filed an Emergency Petition for Temporary Modification of Custody and Objection to Respondent's Notice to Relocate. We observe, however, that Father has not included this motion, or any other for that matter, in his

---

[1] The dissolution proceedings were held in Newton County under Cause No. 56C01-0906-DR-026. Father has not provided us with any of the record from the dissolution action, including the final decree. Accordingly, we do not know the details of the original custody order, nor do we know whether custody was originally disputed or whether it was determined by stipulation of the parties.

appendix. The trial court set the matter for emergency hearing on October 8, 2010. Mother did not appear at the hearing. Following Father's presentation of evidence, the transcript of which is not included in the record before us, the trial court granted temporary physical custody of the children to Father. The trial court then set a hearing for December 6, 2010 regarding permanent modification of custody.

Mother returned from Texas in October and sought the immediate return of custody, which the court denied following a hearing.[2] The court appointed a GAL and reaffirmed the December modification of custody hearing. This hearing was later continued upon Father's motion and reset for January 28, 2011. Father sought another continuance the day before the scheduled hearing. Upon granting the continuance, the trial court indicated in the CCS that the hearing was "continued generally to be reset upon motion by either party." *Appendix* at 4. The case remained dormant for the next eighteen months.

In the meantime, on March 4, 2011, Mother observed redness on A.P.'s vaginal area while bathing her and allegedly received responses from A.P. indicating that Father might have been molesting her. Mother took A.P. to the emergency room, but the forensic pediatric gynecologist found no injury or sign of penetration. A DCS and police investigation ensued.[3] The children were removed from Father's custody on March 11 and placed in foster care for approximately six months. The children were then returned to Father's care and custody and Mother exercised parenting time. The CHINS case was

---

[2]  Again, the transcript of this hearing has not been provided to us.
[3]  The parties had a prior history of DCS involvement in 2009 for environment life/health endangerment. That case was closed September 30, 2009.

closed in June 2012, with the molestation allegations unsubstantiated. Similarly, no criminal charges were filed against Father.[4]

On July 30, 2012, Father filed a motion for status hearing and confirmation of GAL in the instant cause. Mother responded by filing a motion to modify custody and for appointment of a CASA. On August 23, the trial court held a hearing at which the parties agreed to have a CASA appointed and submitted an interim agreement regarding custody and parenting time, which the court approved.[5] The court scheduled the modification hearing for October. Marci Schwartz was appointed as CASA on September 9, 2012.

Father sought a continuance of the October custody hearing, which the trial court granted. The hearing was rescheduled for December but once again was continued on Father's motion. CASA filed her report (which Father has not provided on appeal) with the trial court on December 21, 2012.

A hearing on Father's motion to modify custody finally commenced on February 14, 2013,[6] nearly two and one-half years after the motion was filed and emergency temporary custody was granted to Father.[7] The custody modification hearing continued and concluded on July 26, 2013. Mother represented herself at the hearing. Four witnesses testified – Mother, Father, CASA, and Detective Woestman. At the conclusion of the

---

[4]  Detective James Woestman testified at the custody hearing that he felt there was a basis for Mother's allegations but that there was not sufficient evidence to pursue a criminal case. The record reveals, however, that doctors believed the child's redness was due to hygiene issues.

[5]  Again, the transcript from this hearing is not in the record before us. The CCS reveals that Father retained primary physical custody of the children and Mother exercised parenting time (amount unspecified in CCS).

[6]  Father has provided us with a transcript from this hearing, as well as subsequent hearings.

[7]  Though delays are often unavoidable, the lengthy delay in this case between the emergency hearing and the final modification hearing is inexcusable and was certainly not in the children's best interests.

hearing, the trial court took the matter under advisement. Thereafter, on August 12, 2013, the trial court issued its order, denying Father's request for permanent modification of custody and ordering that physical custody of the children revert back to Mother. The court granted Father parenting time pursuant to the Indiana Parenting Time Guidelines. Although the court made several specific provisions for going forward, it only generally concluded that Father had failed to carry his burden with respect to his request for permanent custody.

Father filed a motion to correct error (not included in his appendix) on August 30, 2013. At the hearing on this motion, Father argued, among other things, that the trial court failed to give due regard to CASA's testimony and recommendation in support of Father having custody of the children. On November 15, 2013, the trial court summarily denied Father's motion to correct error. Father now appeals.[8] Additional facts will be provided below as needed and available.

Our legislature has defined the circumstances upon which a custody order may be modified:

> (a) The court may not modify a child custody order unless:
>     (1) the modification is in the best interests of the child; and
>     (2) there is a substantial change in one (1) or more of the factors that the court may consider under section 8….
> (b) In making its determination, the court shall consider the factors listed under section 8 of this chapter….

---

[8] We observe that Mother has not filed an appellate brief. Under these circumstances, we will not undertake the burden of developing arguments for her. Rather, we will apply a less stringent standard of review and may reverse if Father establishes prima facie error. *See Jo. W. v. Je. W.*, 952 N.E.2d 783 (Ind. Ct. App. 2011). "Still, we must correctly apply the law to the facts in the record in order to determine whether reversal is required." *Id*. at 785.

Ind. Code Ann. § 31-17-2-21 (West, Westlaw current with all 2014 Public Laws of the 2014 2nd Regular Session and 2nd Regular Technical Session of the 118th General Assembly). The factors to be considered by the trial court include, but are not limited to, the following:

(1) The age and sex of the child.
(2) The wishes of the child's parent or parents.
(3) The wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age.
(4) The interaction and interrelationship of the child with:
    (A) the child's parent or parents;
    (B) the child's sibling; and
    (C) any other person who may significantly affect the child's best interests.
(5) The child's adjustment to the child's:
    (A) home;
    (B) school; and
    (C) community.
(6) The mental and physical health of all individuals involved….

I.C. § 31-17-2-8 (West, Westlaw current with all 2014 Public Laws of the 2014 2nd Regular Session and 2nd Regular Technical Session of the 118th General Assembly). Although the trial court is required to consider the statutory factors, the court is not required, absent a proper request by a party, to make special findings regarding the substantial changes in the parties' circumstances. *In re Paternity of J.T.*, 988 N.E.2d 398 (Ind. Ct. App. 2013). Further, the party pursuing modification bears the burden of demonstrating that the existing custody order is unreasonable. *Haley v. Haley*, 771 N.E.2d 743 (Ind. Ct. App. 2002).

Modification of custody lies within the sound discretion of the trial court. *Id*. We will reverse a trial court's decision in this regard only upon a showing of an abuse of discretion, which is found when the decision is clearly against the logic and effect of the

6

facts and circumstances. *Id.* We do not judge witness credibility or reweigh the evidence, and we consider only the evidence that supports the trial court's decision. *Id.*

On appeal, Father contends that the trial court abused its discretion by denying his motion for modification of custody. He claims there were a number of substantial changes in the factors relevant to the initial custody determination and that modification of custody was in the children's best interests.

We initially observe that our review is substantially hindered by the abbreviated record provided by Father on appeal. *See Lenhardt Tool & Die Co., Inc. v. Lumpe*, 703 N.E.2d 1079, 1084 (Ind. Ct. App. 1998) ("[i]t is the duty of an appellant to provide this court with a record sufficient to enable us to review the claim of error"), *trans. denied*. Not only are relevant transcripts and filings excluded, but we have nothing from the original dissolution action. As set forth above, we do not even know when the dissolution occurred or what the final decree provided with regard to custody and parenting time. Further, we do not know whether custody was originally disputed and, if so, which best-interest factors were litigated at that time. This makes it difficult to assess what factors have changed since the initial custody order, especially where the trial court has not issued specific findings.

On top of this, Father does not provide even one citation to the record to support any of the factual assertions in the argument section of his brief. Ind. Appellate Rule 46(A)(8)(a) requires the argument section of an appellant's brief to be supported by cogent reasoning, with each contention "supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on."

7

Even assuming that a substantial change in one or more of the relevant factors existed, Father has failed to establish that the trial court abused its discretion in determining that modification was not in the children's best interests. Father presented limited evidence below, which was anecdotal for the most part. The bulk of his case relied on CASA's testimony, in which she recommended that Father have custody and Mother exercise only supervised parenting time initially. CASA apparently based this recommendation, in part, on her belief that Mother fabricated the abuse allegations and coached A.P. in order to regain custody. CASA also testified that Mother had been diagnosed with histrionic personality disorder.[9] CASA noted concerns with the children being left unsupervised with Mother's sixteen-year-old son, who had anger issues and had allegedly struck the children during Mother's parenting time. Finally, CASA indicated that Mother had not been following recent doctor recommendations regarding caring for A.P.'s sensitive skin.

Mother steadfastly denied the allegations against her, and fervently cross-examined CASA.[10] Mother acknowledged that she made a mistake by moving to Texas without proper notice, but she urged it was not done with bad intent. Further, although conceding that she still had concerns regarding the molestation allegations, Mother testified that she would fully comply with the court's order regarding parenting time if she had custody of

---

[9] Father did not submit any clinical evidence or expert testimony regarding Mother's mental state, and it is not clear when this alleged diagnosis occurred.

[10] A review of the transcript of CASA's cross-examination by Mother is a bit disquieting, as it reveals CASA may no longer be impartial. In this regard, the trial court stated in its order:

> there exists extreme tension (putting it politely) between the CASA and [Mother] – and it has been made quite apparent to this Court that each of them bear some responsibility for this tension. Such tension has hindered the resolution of the issues now before the Court. The focus should be on the children and, to that end, the Court orders [Mother] to comply with reasonable CASA requests.

*Appendix* at 17.

the children. She also assured the court that the children would not be left alone with her older sons. Finally, Mother presented the testimony of Detective Woestman, who essentially opined that the molestation claim pursued by Mother was not baseless.

We conclude that the trial court was not required to accept CASA's recommendation. Father's appellate argument boils down to an improper request for us to reweigh the evidence and judge witness credibility. Father has failed to establish that the trial court's decision is clearly against the logic and effect of the facts and circumstances.

Judgment affirmed.

MATHIAS, J., and PYLE, J., concur.