**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 15 2014, 6:44 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**AMY KAROZOS**
Greenwood, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ROBERT J. HENKE**
**DAVID E. COREY**
Deputies Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| IN THE MATTER OF THE TERMINATION OF THE PARENT-CHILD RELATIONSHIP OF: | ) ) ) |
| A.C., Minor Child, | ) ) |
| and | ) ) |
| R.A., Mother, | ) ) |
| Appellant-Respondent, | ) ) |
| vs. | ) No. 49A04-1402-JT-59 ) |
| THE INDIANA DEPARTMENT OF CHILD SERVICES, | ) ) ) |
| Appellee-Plaintiff. | ) ) |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Marilyn Moores, Judge
The Honorable Larry Bradley, Magistrate
Cause No. 49D09-1303-JT-8939

**September 15, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

R.A. (Mother) appeals the denial of her Trial Rule 60(B) Motion for Relief from Judgment. We affirm.

## FACTS AND PROCEDURAL HISTORY

Mother and M.C. (Father)[1] were the parents of A.C. (Child), born September 1, 2008. On July 15, 2013, the trial court issued its order terminating Mother and Father's parental rights. On August 13, Mother contacted her trial counsel, Thomas Strodtman, and indicated she wished to appeal the trial court's decision. Strodtman consulted with the chief counsel of the Marion County Public Defender's Office's Child in Need of Services/Termination of Parental Rights division, Katherine Cornelius. Cornelius advised Strodtman there was still a week to file the appeal, so Strodtman took the file to the Marion County Public Defender's Office's Appellate Division the next day. Cornelius sent an email to Ruth Johnson, the head of that division, regarding the issue.

Sometime around September 1, Strodtman learned that Mother's appeal had not been filed. Cornelius acknowledged she had misinterpreted the court's docketing system when she told Strodtman there was one week – rather than one day – to file Mother's appeal. Johnson did not file a motion for a belated appeal because she believed "trying to do a belated appeal would just be dismissed as she's had many of them dismissed that way previously." (Tr. at 229.)

---

[1] Father appealed the decision to terminate his parental rights to A.C., and we affirmed. *In re A.C.*, 49A02-1308-JT-671 (Ind. Ct. App. March 3, 2014).

2

On November 22, Mother filed the 60(B) Motion, asking the trial court to re-issue its termination order so that she could appeal it. Mother argued she was entitled to relief from the judgment because her attorney did not file a timely appeal and because her attorney was ineffective. On January 9, 2014, Mother filed an amended 60(B) Motion. The trial court held a hearing and denied Mother's 60(B) Motion on January 13, finding:

1.      That the Motion is based on events transpiring after trial and judgment rendered.
2.      That a Trial Rule 60 (B) motion is to be used to attack a judgment. The Court here is being asked to set aside its judgment and re-enter it in whole. The Court questions the validity and propriety of such an order.
3.      A Trial Rule 60 (B) Motion is not a substitute for an appeal nor can it be used to revive an expired appeal.

(App. at 101.)

## DISCUSSION AND DECISION

T. R. 60(B) states, in relevant part:

On motion of upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:
(1) mistake, surprise, or excusable neglect;
* * * * *
(8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).
* * * * *
A movant filing a motion for reasons (1), (2), (3), (4), and (8) must allege a meritorious claim or defense. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

Whether to grant a motion for relief from judgment under T.R. 60(B) is within the discretion of the trial court, and we reverse only for abuse of that discretion. *Jo. W. v. Je. W.*,

3

952 N.E.2d 783, 785 (Ind. Ct. App. 2011). An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances before the court, or if the trial court has misinterpreted the law. *Id.* When we review a trial court's decision, we will not reweigh the evidence. *Id.* A T.R. 60(B) motion may not serve as a substitute for an appeal. *Weinreb v. TR Developers, LLC*, 943 N.E.2d 856, 863 (Ind. Ct. App. 2011), *trans. denied*.

The trial court did not abuse its discretion because Mother did not present a "meritorious claim or defense" as required by T.R. 60(B). A meritorious claim is "a showing that 'will prevail until contradicted and overcome by other evidence." *Munster Comm. Hosp. v. Bernacke*, 874 N.E.2d 611, 614 (Ind. Ct. App. 2007). "A meritorious defense is one showing, if the case was retried on the merits, a different result would be reached." *In re Paternity of Baby Doe*, 734 N.E.2d 281, 284 (Ind. Ct. App. 2000).

Mother offered no claim or defense in her 60(B) motion, but during the hearing on Mother's 60(B) Motion, Mother's counsel for the purpose of the 60(B) Motion, Barbara Fuller questioned Mother's trial counsel, Strodtman, about whether a meritorious defense could have been raised as part of the appeal:

> [Fuller]: Mr. Strodtman, Mr. Chambers asked you about, um, a meritorious defense. In fact, were there issues in your client's defense that you raised at the trial court?
> [Strodtman]: Mmhmm, yes.
> [Fuller]: And one of the issues, um, was mom had missed visits, is that correct?
> [Strodtman]: That's correct.
> [Fuller]: And one of the issues was that mom had, um . . .
> DCS: Objection, leading question.
> Court: If you'd rephrase.

4

[Fuller]:       Sure.

[Fuller]:       Um, what was your defense regarding . . . Well, just tell the issues that you . . . just tell me what issues you had?

[Strodtman]:  Well, as I recall, um, it was a question of whether or not she had transportation available for visitation.  I believe also, as I recall, she had some medical issues as to whether or not she was receiving the kinds of medication that she needed to help her in her progress to achieve what the goals were that were set out for her by the DCS.  I think housing also was an issue.  I think that she did not have housing and I think there might have been some issues, I recall, about whether or not [S]ection 8 was available for her and whether or not there was a, um, the so-called necessary sense of urgency in assisting her in finding housing from the Department of Child Services.

[Fuller]:       Okay, so are you suggesting that the Department could have assisted her in finding housing?

[Strodtman]:  That would have been what I would have suggested, would have been an appealable issue, yes.

[Fuller]:       And what about helping her with transportation to visits with the children?

[Strodtman]:  I know bus passes are often times provided if the individual doesn't have transportation so, I think that would have been a possible issue for appeal.

[Fuller]:       And what about, um, are there other things . . . I mean you've done these cases for fifteen years, what other accommodations are sometimes made for clients who don't have transportation?

[Strodtman]:  Well, sometimes the case manager will take the client to visits, sometimes home based [service providers] will take the client to visits, um, relatives . . . I mean there's opportunities for them to get there but in this particular case I don't know that that was made available to her.

[Fuller]:       And are those the . . . are those the issues that you raise as a defense in this case?

[Strodtman]:  As I recall, yes. . . . Those were the questions that we had that were suggested as to why the Department did not complete it's . . . the work that it should have done with regards to her placement and her, as we say, treatment or services that should have been made available to her.

(Tr. at 215-16.)  Based on Strodtman's testimony, it would appear Mother sought to appeal

an alleged lack of services DCS offered her.  However, "provision of family services is not a

requisite element of our parental rights termination statute; thus, even a complete failure to

provide services would not serve to negate a necessary element of the termination statute and require reversal." *In re E.E.*, 736 N.E.2d 791, 796 (Ind. Ct. App. 2000). In addition, "failure to provide services does not serve as a basis on which to directly attack a termination order as contrary to law." *In re H.L.*, 915 N.E.2d 145, 148 n.3 (Ind. Ct. App. 2009). Therefore, as Mother did not assert a meritorious claim or defense in her 60(B) Motion, the trial court did not abuse its discretion when it denied the Motion.

Affirmed.

VAIDIK, C.J., and FRIEDLANDER, J., concur.