**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 14 2015, 9:46 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**HOWARD N. BERNSTEIN**
The Law Office of Howard N. Bernstein, LLC
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| Do.D., | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1404-PO-169 |
| De.D., | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Gary L. Miller, Judge
Cause No. 49G21-1305-PO-22367

**January 14, 2015**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Do.D. (Husband) appeals the denial of his motion to correct error after a protective order was issued against him at the request of De.D. (Wife). We affirm.

## FACTS AND PROCEDURAL HISTORY

On May 29, 2013, Wife sought a protective order against Husband. The trial court issued an Ex Parte Protective Order that day. It subsequently heard evidence and then issued a protective order against Husband effective for two years. Husband filed a Motion to Correct Error, which the trial court denied.

## DISCUSSION AND DECISION

Wife did not file an appellee's brief. When an appellee does not submit a brief, we do not undertake the burden of developing arguments for that party. *Thurman v. Thurman*, 777 N.E.2d 41, 42 (Ind. Ct. App. 2002). Instead, we apply a less stringent standard of review and may reverse if the appellant establishes *prima facie* error. *Id*. *Prima facie* error is "error at first sight, on first appearance, or on the face of it." *Van Wieren v. Van Wieren*, 858 N.E.2d 216, 221 (Ind. Ct. App. 2006).

We review the denial of a motion to correct error for abuse of discretion. *Jo.W. v. Je.W.*, 952 N.E.2d 783 (Ind. Ct. App. 2011). Husband can demonstrate an abuse of discretion only by showing the trial court erred when issuing the protective order against him. *See id*.

Husband argues the evidence was insufficient to grant Wife's request for a protective order. When reviewing sufficiency of evidence to support a protective order, we neither reweigh the evidence nor judge the credibility of witnesses. *Tisdial v. Young*, 925 N.E.2d

2

783, 785 (Ind. Ct. App. 2010). We consider only the probative evidence and reasonable inferences therefrom supporting the trial court's judgment. *Id.*

Ind. Code § 34-26-5-2(a) establishes the criteria by which a trial court may grant a protective order:

> A person who is or has been a victim of domestic or family violence may file a petition for an order for protection against a:
> (1) family or household member who commits an act of domestic or family violence; or
> (2) person who has committed stalking under IC 35-45-10-5 or a sex offense under IC 35-42-4 against the petitioner.

A person who requests a protective order must prove one of the elements of Ind. Code § 34-26-5-2(a) by a preponderance of the evidence. *Essany v. Bower*, 790 N.E.2d 148, 154-55 (Ind. Ct. App. 2003).

Wife testified:

> I left [Husband] and moved into my brother-in-law's house, and we started having incidents. He got my daughter from school the first day that I left -- or the next day, because she didn't know what bus to ride. And then he said he wouldn't return her to me until I gave the guns that I had to him, so he's gotten all three of our guns.
> He saw us at a CVS -- me and my daughter at CVS and he didn't leave. He stayed in the parking lot waiting for us to come out. He parked beside my car, so I had to call somebody else to come and get us because I was afraid to go to the car. He sent us numerous text messages.
> There was an incident -- many incidents of driving by the house at different times. It's just -- I'm afraid of him. He's got the guns and he can do -- without that, there is nothing protecting us at home.

(Tr. at 4.) Husband gave an alternate version of the events at trial, in his motion to correct error, and on appeal. He claims Wife "has failed to establish any basis for fearing him and certainly no repetitive pattern of intrusions." (Br. of Appellant at 22.) We decline Husband's

3

invitation to reweigh the evidence and judge the credibility of the witnesses. *See Tisdial*, 925

N.E.2d at 785 (appellate court cannot reweigh evidence or judge the credibility of witnesses).

Accordingly, we affirm the trial court's denial of Husband's motion to correct error.

Affirmed.

VAIDIK, C.J., and FRIEDLANDER, J., concur.