## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 09 2018, 9:10 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Kevin K. Andrews
Bloomington, Indiana

APPELLEE PRO SE

N.A.
Alexandria, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kevin K. Andrews,

*Appellant-Respondent,*

v.

N.A.,

*Appellee-Petitioner.*

March 9, 2018

Court of Appeals Case No.
48A02-1701-PO-209

Appeal from the Madison Circuit Court.
The Honorable Stephen D. Clase, Magistrate.
Trial Court Cause No.
48C03-1610-PO-951

**Friedlander, Senior Judge**

[1] Kevin Andrews, pro se, appeals the trial court's denial of his motion to correct error after a protective order was issued against him at the request of N.A., his ex-wife. The sole issue Andrews raises on appeal (restated) is whether the trial court erred in denying his motion to correct error. We affirm.

[2] On October 17, 2016, N.A. filed a petition for a protective order against Andrews. In her petition, she alleged that Andrews had stalked her on three occasions. That same day, the trial court issued an ex parte order for protection, which was to expire on October 17, 2018. Thereafter, Andrews filed a request for a hearing to challenge the protective order. The hearing was held on December 2, 2016, and on that same day, the trial court issued an order confirming the October 17, 2016 protective order.

[3] On December 21, 2016, Andrews filed a motion to correct error, challenging the three instances of stalking that N.A. alleged in her protective order petition and maintaining that the protective order should not have been granted. On December 29, 2016, the trial court denied Andrews's motion to correct error. Andrews appeals.

[4] N.A. did not file an appellee's brief. When an appellee does not submit a brief, we do not undertake the burden of developing arguments for that party. *Thurman v. Thurman*, 777 N.E.2d 41 (Ind. Ct. App. 2002). Instead, we apply a less stringent standard of review and may reverse if the appellant establishes *prima facie* error. *Id*. *Prima facie* error is "error at first sight, on first appearance, or on the face of it." *Van Wieren v. Van Wieren*, 858 N.E.2d 216, 221 (Ind. Ct. App. 2006).

[5] We review the denial of a motion to correct error for abuse of discretion. *Jo.W. v. Je.W.*, 952 N.E.2d 783 (Ind. Ct. App. 2011). Andrews can demonstrate an

abuse of discretion only by showing the trial court erred when issuing the protective order against him. *See id.*

[6] Andrews argues, essentially, that the evidence was insufficient to support granting N.A.'s request for a protective order. When reviewing sufficiency of the evidence to support a protective order, we neither reweigh the evidence nor judge the credibility of witnesses. *Tisdial v. Young*, 925 N.E.2d 783 (Ind. Ct. App. 2010). We consider only the probative evidence and reasonable inferences therefrom supporting the trial court's judgment. *Id.*

[7] Indiana Code section 34-26-5-2(a) (2002) establishes the criteria by which a trial court may grant a protective order:

> A person who is or has been a victim of domestic or family violence may file a petition for an order for protection against a:
>> (1) family or household member who commits an act of domestic or family violence; or
>> (2) person who has committed stalking under IC 35-45-10-5 or a sex offense under IC 35-42-4 against the petitioner.

A person who requests a protective order must prove one of the elements of Indiana Code section 34-26-5-2(a) by a preponderance of the evidence. *Tons v. Bley*, 815 N.E.2d 508 (Ind. Ct. App. 2004).

[8] At the protective order hearing, N.A. testified as follows: that during a supervised visit between Andrews and their sixteen-year-old child (Child), the facilitator ended the visit early and called N.A. because Andrews's behavior during the visit caused the facilitator to fear for her safety; that following a

hearing on parenting time that both N.A. and Andrews attended, Andrews waited in the parking lot for twenty-five minutes until N.A. exited the courthouse and then watched N.A. get into her vehicle; and that Andrews attended their Child's football game after the trial court had terminated Andrews's visitation rights and that N.A. feared for her safety. Andrews gave an alternate version of these events. He claimed that the supervised visit incident "was ruled hearsay" by the trial court; that both he and N.A. were ordered to be at the parenting-time hearing, and he did not display any "illegal behavior" following the hearing; and that there were no court orders in place to prevent him from attending Child's football game, and the parties did not come into direct contact during the game. Appellant's Br. p. 3.

[9] The trial court heard the testimony and observed the demeanor of the witnesses. The court concluded that stalking had occurred and that Andrews represented a credible threat to N.A.'s safety. Andrews's arguments to the contrary amount to an invitation to reweigh the evidence and judge the credibility of the witnesses, which we cannot do. *See Tisdial*, 925 N.E.2d at 785 (appellate court cannot reweigh evidence or judge the credibility of witnesses). We affirm the trial court's denial of Andrews's motion to correct error.

[10] Judgment affirmed.

Kirsch, J., and Robb, J., concur.