**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 25 2012, 8:57 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**PAUL ESPARZA**
Knox, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| PAUL ESPARZA, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 75A04-1104-SC-184 |
| | ) | |
| DENIS LYNCH, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE STARKE CIRCUIT COURT
The Honorable Kim Hall, Judge
The Honorable Jeanene Calabrese, Magistrate
Cause No. 75C01-0908-SC-513

**May 25, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Paul Esparza appeals the court's judgment of $1,000.00 in favor of Denis Lynch. Esparza alleges the trial court and county clerk violated multiple sections of the "Indiana Rules of Court, Small Claims and the Indiana Trial Rules of Court under Indiana Code §33-34[.]" (Br. of Appellant at 4.) We affirm.

## FACTS AND PROCEDURAL HISTORY

On August 13, 2009, Lynch filed an action in small claims court against Esparza. The record does not contain a copy of the original complaint, though the court's order indicates Lynch sued Esparza for destruction of his personal property and Esparza later counter-claimed for unpaid rent. The trial court held hearings on September 29, October 19, and December 8, 2009. On December 8, the trial court entered an order awarding Lynch $500.00 plus costs.

On April 30, 2010, the trial court overturned its original order "based upon the allegation in the Verified Motion to Correct Errors [filed by Esparza] with regard to the submission of untruthful evidence at trial." (App. at 5.) The trial court held hearings on August 3, September 20, and December 6, 2010, and February 7, 2011. On March 16, the trial court entered an order awarding Lynch $1,000.00 plus costs and interest.[1]

## DISCUSSION AND DECISION

Lynch did not file an appellee's brief. When an appellee does not submit a brief, we do not undertake the burden of developing arguments for that party. *Thurman v. Thurman*,

---

[1] The trial court awarded Lynch $6,000.00 in damages, and Esparza $5,000.00 in damages; the trial court ordered Esparza to pay the $1,000.00 difference to Lynch.

777 N.E.2d 41, 42 (Ind. Ct. App. 2002). Instead, we apply a less stringent standard of review and may reverse if the appellant establishes *prima facie* error. *Id*. *Prima facie* error is "error at first sight, on first appearance, or on the face of it." *Van Wieren v. Van Wieren*, 858 N.E.2d 216, 221 (Ind. Ct. App. 2006).

It is well settled that *pro se* litigants are held to the same standard as licensed attorneys, and are required to follow procedural rules. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*. Ind. Appellate Rule 46(A)(8)(a) states: "The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to authorities, statutes, and the Appendix or parts of the Record on Appeal relied upon[.]" Failure to present a cogent argument results in waiver of the issue on appeal. *Hollowell v. State*, 707 N.E.2d 1014, 1025 (Ind. Ct. App. 1999).

Esparza cites a plethora of rules in his Statement of Issues and in various parts of his brief, but he has not developed cogent arguments regarding any trial court error. Nor has he cited case law that would indicate reversal is appropriate. His arguments are therefore waived, and we accordingly affirm the trial court's decision.

Affirmed.

FRIEDLANDER, J., and BARNES, J., concur.