**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**KIMBERLY R. GOFF MILLER**
Westville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KIMBERLY R. GOFF (MILLER), | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| v. | ) | No. 49A04-1205-DR-277 |
| | ) | |
| LARRY GOFF, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Thomas Carroll, Judge
The Honorable Christopher Haile, Magistrate
Cause No. 49D06-9604-DR-596

**March 15, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Kimberly Goff Miller (Wife) appeals *pro se* the trial court's order regarding, among other issues, the amount she was due from her ex-husband Larry Goff (Husband) as part of their 1997 divorce order. We affirm.

## FACTS AND PROCEDURAL HISTORY

Husband and Wife were married on November 25, 1989 and divorced on August 28, 1997. As part of the divorce order, the trial court determined:

> Husband has a retirement plan associated with his twenty-five years with the National Guard. The Court finds that the parties were married for seven and one-half (7 1/2) years. Based upon the length of their marriage and Husband's length of service in the National Guard, the Court finds that Wife is entitled to one-half (1/2) of 29% or 14.5% of Husband's National Guard Retirement. Wife's interest in the Husband's National Guard Retirement shall be preserved by a Qualified Domestic Relations Order (QDRO).

(App. at 16.) On December 16, 2011, Husband filed a petition to clarify the retirement funds due to Wife. The trial court held a hearing on the matter on February 24, 2012, and entered an order on March 12, awarding Wife $1,376.39 of Husband's retirement fund, an amount offset by Husband's overpayment of child support. On April 9, Wife filed a motion to correct error, which the trial court denied on May 1. This appeal ensued.

## DISCUSSION AND DECISION

We first note Husband did not file an appellee's brief. When an appellee does not submit a brief, we do not undertake the burden of developing arguments for that party. *Thurman v. Thurman*, 777 N.E.2d 41, 42 (Ind. Ct. App. 2002). Instead, we apply a less stringent standard of review and may reverse if the appellant establishes *prima facie* error. *Id*. *Prima facie* error is "error at first sight, on first appearance, or on the face of it." *Van*

*Wieren v. Van Wieren*, 858 N.E.2d 216, 221 (Ind. Ct. App. 2006). Additionally, we note Wife proceeds in her appeal *pro se*. It is well settled that *pro se* litigants are held to the same standards as licensed attorneys and are required to follow procedural rules. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*.

Fatal to Wife's appeal is her failure to comply with Ind. Appellate Rule 46(A)(8)(a), which states: "The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to authorities, statutes, and the Appendix or parts of the Record on Appeal relied upon[.]" Failure to present a cogent argument results in waiver of the issue on appeal. *Hollowell v. State*, 707 N.E.2d 1014, 1025 (Ind. Ct. App. 1999).

Wife presents multiple issues for our review, but cites no legal authority that would lead us to conclude the trial court erred. As she has waived her allegations of error, we affirm.

Affirmed.

ROBB, C.J., and PYLE, J., concur.