# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**ATTORNEY FOR APPELLANT**

Florence Anne Briggs
Briggs Law Office
Flora, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

In re the Estate of Joyce Hunter

Jeffrey Barnes,

*Appellant-Intervenor,*

v.

Dawn Renee Hunter, and
Regina McKinney,

*Appellee-Petitioners.*

February 27, 2015

Court of Appeals Cause No.
08A02-1404-ES-273

Appeal from the Carroll Circuit Court; The Honorable Benjamin A. Diener, Judge;
08C01-1305-ES-2

**May, Judge.**

[1] Jeffrey Barnes (Jeffrey) appeals the trial court's refusal to admit to probate a holographic codicil allegedly executed on October 7, 2012.

[2] We affirm.

## Facts and Procedural History

[3] Joyce Hunter (Joyce) died on February 1, 2013. She was the mother of Jeffrey, Dawn Hunter (Dawn), and Regina McKinney (Regina). On May 14, Dawn and Regina filed their Petition for Appointment of Co-Personal Representatives and for Supervised Administration, alleging Joyce died intestate. On November 7, Jeffrey filed a Petition to Probate Will and Petition to Probate Holographic Will/Codicil, alleging Joyce executed a will on December 5, 2008, and a holographic will or codicil on October 7, 2012. Dawn and Regina filed a Motion to Quash the holographic codicil, arguing it did not comply with Indiana statutory law regarding the execution of wills.

[4] The trial court held hearings on January 15, 2014, and February 19. The parties presented evidence regarding the 2008 will and the 2012 holographic codicil. The 2008 will had been filed with an attorney and was self-proven. In its February 19 order, the trial court recognized that will as valid, and it appointed Jeffrey and Dawn co-personal representatives, as directed by that will.

[5] The 2012 holographic codicil granted Jeffrey sole ownership of a property he alleged he and Joyce bought as joint tenants, but that was recorded as tenants in common. The holographic will was purportedly signed by Joyce; Jeffrey;

Charlotte Callis, Jeffrey's on-and-off girlfriend; and Josh Bagwell, Joyce's grandson who lived with her. The holographic will had no self-proving clause, so Callis and Bagwell signed a document indicating they were present for the signing of the 2012 holographic codicil, and they signed the 2012 holographic codicil as witnesses at that time.

As part of its February 19 order, the trial court refused to admit to probate the holographic codicil. Jeffrey filed a motion to correct error on March 17, and the trial court denied his motion.

## Discussion and Decision

We first note Dawn and Regina did not file a brief. When an appellee does not submit a brief, we do not undertake the burden of developing arguments for that party. *Thurman v. Thurman*, 777 N.E.2d 41, 42 (Ind. Ct. App. 2002). Instead, we apply a less stringent standard of review and may reverse if the appellant establishes *prima facie* error. *Id*. *Prima facie* error is "error at first sight, on first appearance, or on the face of it." *Van Wieren v. Van Wieren*, 858 N.E.2d 216, 221 (Ind. Ct. App. 2006).

The trial court *sua sponte* made findings of fact and conclusions of law.[1] In this situation,

---

[1] Jeffrey filed a Motion to Correct Error, and the trial court denied it. Jeffrey does not argue the trial court erred when it denied his Motion to Correct Error, and our standard of review for appeal of a Motion to Correct Error directs us to consider the underlying order, here the order regarding the probation of Joyce's

the specific findings control our review and the judgment only as to the issues those specific findings cover. Where there are no specific findings, a general judgment standard applies and we may affirm on any legal theory supported by the evidence adduced at trial.

We apply the following two-tier standard of review to *sua sponte* findings and conclusions: whether the evidence supports the findings, and whether the findings support the judgment. Findings and conclusions will be set aside only if they are clearly erroneous, that is, when the record contains no facts or inferences supporting them. A judgment is clearly erroneous when a review of the record leaves us with a firm conviction that a mistake has been made. We consider only the evidence favorable to the judgment and all reasonable inferences flowing therefrom, and we will neither reweigh the evidence nor assess witness credibility.

*Trust No. 6011, Lake County Trust Co. v. Heil's Haven Condominiums Homeowners*

*Ass'n*, 967 N.E.2d 6, 14 (Ind. Ct. App. 2012).

[9]     The trial court found and concluded:

> 7.     Before a written will shall be admitted to probate, the will shall be proved by one (1) or more of the subscribing witnesses, or if all of them are dead, out of the state, or have become incapacitated for any reason since attesting the will, then the will shall be admitted to probate upon proof of the handwriting of the testator or of one (1) of the subscribing witnesses. I.C. 29-1-7-9.
>
> 8.     Decedent purportedly executed a codicil to her will on October 7, 2012.
>
> 9.     Jeffrey Barnes testified at the hearing held January 15, 2014 and attempted to prove the valid execution of the codicil.

---

2008 will and her 2012 alleged holographic will. *See In re Paternity of H.H.*, 879 N.E.2d 1175, 1177 (Ind. Ct. App. 2008) (review of motion to correct error includes review of underlying order).

10.     Jeffrey Barnes is not a competent witness to prove the valid execution of the codicil as he receives interest through the codicil. I.C. 29-1-5-2-(c). [sic]

11.     Ordinarily, a beneficiary in a will is not a competent witness to the will. [case citations omitted]

12.     No other witnesses to the codicil testified at the hearing held January 15, 2014 to prove its valid execution.

13.     Charlotte Callis and Josh Bagwell attempted to prove the valid execution of the October 7, 2012 codicil in a document titled Proof of Holographic Will executed on October 14, 2013 and filed with the Court November 7, 2013.

14.     Proof of Holographic Will executed on October 14, 2013 and filed with the Court November 7, 2013 was not signed under the penalties of perjury and thus not testimonial evidence sufficient to prove the valid execution of the October 7, 2012 codicil.

15.     The Court determines against the validity [of] the October 7, 2012 codicil, or the competency of the proof.

16.     Pursuant to I.C. 29-1-7-21, the Court refuses the probate of the October 7, 2012 codicil.

(App. at 5-6.) Under Ind. Code § 29-1-7-20, the "burden of proof is upon the contestor" who objects to the probate of a will. Jeffrey argues Dawn and Regina did not meet that burden. We disagree.

[10]     Dawn and Regina presented evidence Joyce had suffered a mild stroke and had multiple medical issues prior to the execution of the alleged holographic will; that one of the witnesses, Callis, might have been personally motivated by virtue of her relationship with Jeffrey; and that the other witness, Bagwell, might have been personally motivated by virtue of his mental illness and his reliance on Joyce. This evidence supports the trial court's findings and conclusions. Jeffrey's arguments regarding Joyce's intent and the competency

of the witnesses to the alleged holographic will are invitations for us to reweigh the evidence, which we cannot do. *See Trust No. 6011,* 967 N.E.2d at 14 (appellate court cannot reweigh evidence on appeal). We accordingly affirm.

Affirmed.

Vaidik, C.J., and Friedlander, J., concur.