## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 28 2018, 11:48 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Julie A. Camden
Camden & Meridew, P.C.
Fishers, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In Re: The Marriage of: | February 28, 2018 |
| Charles A. Parsley, | Court of Appeals Case No. 29A02-1710-DR-2432 |
| *Appellant-Respondent,* | |
| v. | Appeal from the Hamilton Superior Court |
| | The Honorable David K. Najjar, Judge Pro Tempore |
| Maureen F. Parsley, | |
| *Appellee-Petitioner.* | Trial Court Cause No. 29D03-0511-DR-1257 |

**Najam, Judge.**

# Statement of the Case

Charles A. Parsley ("Husband") appeals the trial court's order modifying his child support and establishing post-secondary educational support. Husband raises the following two issues for our review:

> 1. Whether the trial court erred when it deducted $50 per week from the weekly gross income of Maureen F. Parsley ("Wife") for a prior-born child when the court calculated Husband's modified child support amount.

> 2. Whether the trial court erred when it did not impose Husband's requested limits to child E.P.'s post-secondary educational expenses.

We affirm in part, reverse in part, and remand with instructions.

# Facts and Procedural History

During their marriage, Husband and Wife had two children: E.P., born August 8, 1998, and L.P., born February 12, 2003. In June of 2008, the trial court dissolved the marriage, distributed the marital estate, and entered orders of support and custody. Thereafter, Husband and Wife each remarried and had subsequent children with their new spouses. In particular, Wife had J.R., who lived with Wife, E.P., L.P., and her new husband.

In May of 2017, Husband filed a petition to modify child support. In June, Wife filed a petition for post-secondary educational expenses relating to E.P. The court held a hearing on the parties' requests in October. At that hearing, Husband admitted during his testimony that Wife "has one subsequent child

with her new husband." Tr. Vol. 2 at 9. However, no one suggested that Wife had any children prior to when E.P. and L.P. were born.

[5] Also during that hearing, Husband requested the court to place limits on Husband's and Wife's contributions to E.P.'s post-secondary educational expenses. In particular, Husband requested that any parental contributions be conditioned on E.P. maintaining a 3.2 G.P.A., obtaining a degree within four years of his initial enrollment, and attending an in-state public school. However, Wife testified that E.P. had a four-year partial scholarship to Indiana University that covered E.P.'s tuition and reduced E.P.'s housing costs. Tr. Vol. 2 at 17, 29-30. That scholarship required E.P. to maintain at least a 2.0 G.P.A.

[6] Following the hearing, the court entered its order modifying child support and establishing post-secondary educational expenses. In that order, the court modified the weekly amount of child support Husband must pay to Wife to $175. The court determined that amount to be appropriate in part based on its finding that Wife both has a subsequent child, J.R., and that she will additionally spend $50 per week to support a prior-born child. The court also declined to accept Husband's requests for limits on E.P.'s post-secondary educational expenses. This appeal ensued.

# Discussion and Decision

## *Standard of Review*

Husband appeals the trial court's order modifying the amount of his child support and establishing post-secondary educational expenses. Where, as here, the trial court's judgment is based on findings and conclusions entered by the court following an evidentiary hearing, we review the trial court's judgment under the clearly erroneous standard. We review the issues covered by the findings with a two-tiered standard of review that asks whether the evidence supports the findings and whether the findings support the judgment. *See Steele-Giri v. Steele*, 51 N.E.3d 119, 123 (Ind. 2016).

We also recognize that Wife has not filed an appellee's brief. When an appellee does not file a brief, our court will not undertake the burden of developing arguments on that party's behalf. *Thurman v. Thurman*, 777 N.E.2d 41, 42 (Ind. Ct. App. 2002). Rather, we apply "a less stringent standard of review" and may reverse the trial court if the appellant establishes *prima facie* error. *Id. Prima facie* "means at first sight, or on first appearance, or on the face of it." *Id.*

## *Issue One: Prior-Born Child*

We first address Husband's argument that the trial court erred when it attributed $50 per week to Wife for expenses associated with the support of a prior-born child. According to Husband, the trial court erred on this issue because there was "no evidence [Wife] had a prior born child or that she supported said child." Appellant's Br. at 7.

[10] We must agree. Indiana Child Support Guideline 3(C)(3) states that, "[w]here a party has a legal support duty for the child(ren) born prior to the child(ren) for whom support is being established, . . . an amount reasonable necessary for such support . . . shall be deducted from weekly gross income . . . ." There is no evidence that Wife had any children born prior to E.P. and L.P., the children for whom the modified support was being established by the court's order. As such, we reverse the trial court's calculation of Husband's modified support order and remand with instructions for the court to eliminate the $50 deduction to Wife's weekly adjusted income and to recalculate Husband's child support obligation.

### Issue Two: Post-Secondary Educational Expenses

[11] Husband also asserts that the trial court erred when it did not limit its award of post-secondary educational expenses "to in-state tuition at a public institution, or specify that it was only for undergraduate studies, or limit the number of years [E.P.] could pursue a degree, or require that [he] achieve any grade [point] average." *Id.* at 9 (footnote omitted). But the trial court was not obliged as a matter of law to impose any such conditions. *E.g.*, *Quillen v. Quillen*, 671 N.E.2d 98, 102 (Ind. 1996). Moreover, Husband's argument on appeal simply disregards the reality that most of E.P.'s post-secondary educational expenses are being paid by E.P.'s scholarship, and that scholarship already imposes limitations similar to those sought by Husband. The trial court took E.P.'s scholarship—and its limitations on E.P.—into account when it entered its order

on the post-secondary educational expenses. Husband cannot demonstrate error on this issue.

[12] In sum, we affirm the trial court's judgment as it relates to E.P.'s post-secondary educational expenses. However, we reverse the trial court's finding that Wife had a prior-born child, and we remand with instructions that the court eliminate the $50 deduction to Wife's weekly adjusted income and to recalculate Husband's child support accordingly.

[13] Affirmed in part and reversed and remanded in part.

Mathias, J., and Barnes, J., concur.