## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 28 2018, 6:13 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

William W. Gooden
Mt. Vernon, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| D.S., | March 28, 2018 |
| *Appellant-Respondent,* | Court of Appeals Case No. 65A01-1709-PO-2086 |
| v. | Appeal from the Posey Superior Court |
| R.S., | The Honorable S. Brent Almon, Judge |
| *Appellee-Petitioner* | Trial Court Cause No. 65D01-1704-PO-70 |

**May, Judge.**

[1]    D.S. ("Respondent") appeals the trial court's issuance of a protective order against her at the request of R.S. ("Petitioner"). Respondent argues Petitioner did not present sufficient evidence to prove Respondent committed an act for which a protective order can be issued. We affirm.

## Facts and Procedural History

[2]    Respondent is Petitioner's daughter-in-law, and Petitioner adopted her grandson, Respondent's child with Petitioner's son. On April 8, 2017, Respondent left Petitioner a voicemail, stating:

> Hey [Petitioner,] it's [Respondent], uhm I was just calling to chat with you and see what you did and how this went down, uhm, because I never got anything in the mail and I'm not just saying that and it's not like I just wanted to lose my kid all the way, uhm, and about your move to Evansville without you even telling me about that and just everything you all have done has been extremely dirty. Now, granted letting me know that [J.S.] is locked up in jail on attempted rape charges and stuff and I'd hate to file charges on him for when he did the same shit to me. I'd hate to reopen his case and see the motherfucker go for rape and all of his charges not be attempted. Now with that being said, I'd hate to get mad over all of this and hate to see what happens to your family now, so, please give me a call back. This is not a threat, this is a promise.

(Tr. Vol. II at 21) (errors in original).

[3]    On April 10, 2017, Petitioner filed a petition for a protective order against Respondent. The trial court granted an *ex parte* protection order the same day, and it scheduled a hearing on the matter for April 19, 2017. Respondent

appeared on April 19, 2017, and requested counsel. The trial court granted Respondent's request and rescheduled the hearing for July 10, 2017. The July 10, 2017, hearing was rescheduled for August 7, 2017.

[4] At the August 7 hearing, Petitioner testified Respondent contacted her on September 7, 2016; November 17, 2016; March 8, 2017; and April 8, 2017. Petitioner also presented testimony from her daughter, who told the court she had observed Respondent acting violent toward Petitioner and had heard some of the phone calls. Regarding the April 8 voicemail, Respondent testified:

> Uhm, as far as the threatening part, you know it wasn't a threat and like I said, it was a promise. Uhm, because it's like what goes around comes around and I didn't mean anything like I'm going to do anything physically or anything. I'm hours away, I mean, I don't want to be coming up here for this. I want to come up here to see my son.

(*Id*. at 32) (errors in original). On August 7, the trial court reaffirmed its *ex parte* protective order and set an expiration date for the order of April 19, 2019.

# Discussion and Decision

[5] Petitioner did not file an appellee's brief. When an appellee does not submit a brief, we do not undertake the burden of developing arguments for that party. *Thurman v. Thurman*, 777 N.E.2d 41, 42 (Ind. Ct. App. 2002). Instead, we apply a less stringent standard of review and may reverse if the appellant establishes *prima facie* error. *Id*. *Prima facie* error is "error at first sight, on first

appearance, or on the face of it." *Van Wieren v. Van Wieren*, 858 N.E.2d 216, 221 (Ind. Ct. App. 2006).

[6] Respondent argues the evidence was insufficient to grant Petitioner's request for a protective order. When reviewing sufficiency of evidence to support a protective order, we neither reweigh the evidence nor judge the credibility of witnesses. *Tisdial v. Young*, 925 N.E.2d 783, 785 (Ind. Ct. App. 2010). We consider only the probative evidence and reasonable inferences therefrom supporting the trial court's judgment. *Id.*

[7] The legislature established the criteria by which a trial court may grant a protective order:

> A person who is or has been a victim of domestic or family violence may file a petition for an order for protection against a:
>
> (1) family or household member who commits an act of domestic or family violence; or
>
> (2) person who has committed stalking under IC 35-45-10-5 or a sex offense under IC 35-42-4 against the petitioner.

Ind. Code § 34-26-5-2(a). A person who requests a protective order must prove one of the elements of Indiana Code section 34-26-5-2(a) by a preponderance of the evidence. *Essany v. Bower*, 790 N.E.2d 148, 154-55 (Ind. Ct. App. 2003).

[8] After the hearing, the trial court ordered "[Respondent] is hereby enjoined from threatening to commit or committing acts of domestic or family violence or

stalking against [Petitioner] . . . ." (App. Vol. II at 16.)  Respondent argues Petitioner did not prove Respondent stalked her, Petitioner did not prove she felt threatened by Respondent's calls, and there was no evidence Petitioner and Respondent had a familial relationship.  We will address each argument individually.

[9]     We deal first with whether there was evidence Respondent stalked Petitioner. Stalking is defined as "a knowing or an intentional course of conduct involving repeated or continuing harassment of another person that would cause a reasonable person to feel terrorized, frightened, intimidated, or threatened and that actually causes the victim to feel terrorized, frightened, intimidated, or threatened."  Ind. Code § 35-45-10-1.  "[T]he term 'repeated' in Indiana's anti-stalking law means 'more than once.'"  *Johnson v. State*, 721 N.E.2d 327, 332-3 (Ind. Ct. App. 1999), *trans. denied*.

[10]    At the end of the August 7 hearing, the trial court found:

> Alright, evidence closed.  Court has heard the arguments.  Uhm, notice of pleading in the State of Indiana, and these are forms, uhm, a threat of violence is sufficient for proof of family violence and the Court notes that the form doesn't have a box to check for a threat of violence.  Uhm, so, Court believes that she could move to amend and that would be granted and the Court doesn't believe that it does any [sic] violence either on a basis of a single incident in this case because of the family relationship and the threat.  Court believes that that qualifies.  Court also believes that as the matter was litigated there were multiple events that were testified to that are credible and the Court does find that stalking has occurred as well as one (1) specific event, that there is a

> family relationship, qualifies for domestic violence or a threat of violence and that stalking has occurred.

(Tr. Vol. II at 40-1.)

[11] Respondent argues Petitioner presented evidence of only the call on April 8, 2017, and any other incident Petitioner described was "vague, undetailed, and undated." (Br. of Appellant at 6.) However, Respondent ignores Petitioner's other testimony that Respondent called her March 8, 2017, stating that "[Respondent] was going to send a package and there were vulgar things in that voicemail also and threatening to take me to court for visitation[.]" (Tr. Vol. II at 13.) Petitioner also testified Respondent left Petitioner a threatening voicemail on September 7, 2016, and sent Petitioner a text message on November 17, 2016, indicating Respondent was at Petitioner's house, where she had been ordered not to be "because of past threats of violence and attempted violence towards [Petitioner]." (*Id.*) Because Petitioner testified to multiple incidents of threats made against her by Respondent, Respondent's argument is an invitation to reweigh the evidence, which we cannot do. *See Tisdial*, 925 N.E.2d at 785 (appellate court does not reweigh evidence or judge the credibility of witnesses). *See also Johnson*, 721 N.E.2d at 332-3 (more than one incident of stalking is sufficient to prove the behavior was "repeated").

[12] Respondent next argues Petitioner did not present sufficient evidence she was "terrorized, frightened, intimidated, or threatened," Indiana Code section 35-45-10-1, as required by statute. Petitioner testified she had previously asked the court handling the termination of Respondent's parental rights and the adoption

of Respondent's son by Petitioner to "not allow [Respondent] to come to our home for visitation because of past threats of violence and attempted violence towards me[.]" (Tr. Vol. II at 13.) Petitioner also testified she called the police multiple times when Respondent would indicate she was coming to Petitioner's home uninvited. In addition, Petitioner testified she was "concerned about [Respondent] showing up unannounced," (*id.* at 14), and "[Respondent] also has had many Facebook posts in the past about owning firearms and such and that has given me concern too[.]" (*Id.*) Finally, when introducing a voicemail from September 7, 2016, Petitioner stated, "I'm just establishing that I did have fear of things like this happening." (*Id.* at 35.) Based on Petitioner's testimony regarding her fear and concern about Respondent's behavior, we conclude Respondent's argument is an invitation to reweigh the evidence, which we cannot do. *See Tisdial*, 925 N.E.2d at 785 (appellate court does not reweigh evidence or judge the credibility of witnesses). *See also Johnson*, 721 N.E.2d at 333 (while victim did not testify that she was specifically "terrorized, frightened, intimidated, or threatened" by Johnson's behavior, that fact can be inferred from her testimony).

[13] Finally, Respondent contends "[t]he Record in this case is totally devoid of any evidence or even allegation that [D.S] was related to [Petitioner]." (Br. of Appellant at 7.) Petitions for protective order may be brought against a "family

or household member who commits an act of domestic or family violence[.]"[1] Ind. Code § 34-26-5-2(a)(1). Indiana law defines "family or household member" as a person who:

(1) is a current or former spouse of the other person;

(2) is dating or has dated the other person;

(3) is engaged or was engaged in a sexual relationship with the other person;

(4) is related by blood or adoption to the other person;

(5) is or was related by marriage to the other person;

(6) has or previously had an established legal relationship:

(A) as a guardian of the other person;

(B) as a ward of the other person;

---

[1] We note the statute is written in the disjunctive and requires a petitioner prove the respondent is *either* a "family or household member who commits an act of domestic or family violence" *or* a "person who has committed stalking under IC 35-45-10-5 . . . against the petitioner." Ind. Code § 34-26-5-2(a). A petitioner need not prove both. *See In re L.S.*, 717 N.E.2d 204, 208 (Ind. Ct. App. 1999) (statute written in disjunctive requires proof of only one of the disjunctive elements*), reh'g denied, trans. denied, cert. denied* 534 U.S. 1161 (2002). We have already concluded Petitioner presented sufficient evidence Respondent stalked her. However, because the trial court's order enjoins Respondent from committing acts of family violence against Petitioner and certain family members, we will address this element.

(C) as a custodian of the other person;

(D) as a foster parent of the other person; or

(E) in a capacity with respect to the other person similar to those listed in clauses (A) through (D);

(7) has a child in common with the other person; or

(8) has adopted a child of the other person.

Ind. Code § 34-6-2-44.8(a).

[14] Petitioner testified Respondent was her "[d]aughter in law." (Tr. Vol. II at 4.) It would also seem Petitioner adopted Respondent's child in a separate proceeding. (*See id*. at 23) (discussing adoption proceedings). We therefore conclude Respondent was a family member of Petitioner for the purposes of the protective order. *See* Ind. Code § 34-6-2-44.8(a)(5) & (8) (defining family member as someone related by marriage or someone who has adopted a child of another person).

[15] Because all three of Respondent's allegations of insufficient evidence fail, we affirm the trial court's grant of Petitioner's request for a protective order. *See Andrews v. Ivie,* 956 N.E.2d 720, 726 (Ind. Ct. App. 2011) (evidence sufficient to demonstrate Petitioner proved required elements for order of protection).

# Conclusion

[16] Petitioner presented sufficient evidence that Respondent called and sent texts to Petitioner on more than one occasion and that those contacts caused Petitioner fear. Further, Respondent is a family member of Petitioner for the purposes of the protective order statute. Accordingly, we affirm the trial court's entry of a protective order.

[17] Affirmed.

Vaidik, C.J., and Altice, J., concur.