# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 11 2018, 8:53 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Samantha M. Joslyn
Law Office of Samantha M. Joslyn
Rensselear, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Nicole A. Baswell, | September 11, 2018 |
| *Appellant-Respondent,* | Court of Appeals Case No. 18A-DR-00401 |
| v. | Appeal from the Newton Circuit Court |
| Bryan E. Baswell, | The Honorable Jeryl F. Leach, Judge |
| *Appellee-Petitioner* | Trial Court Cause No. 56C01-1105-DR-17 |

**May, Judge.**

[1] Nicole A. Baswell ("Mother") appeals following the trial court's denial of her motion to reconsider the modification of custody the court entered on August 1, 2017. We affirm the trial court's denial of Mother's motion.

# Facts and Procedural History

[2] The trial court dissolved the marriage of Mother and Bryan E. Baswell ("Father") on March 12, 2012. Pursuant to the dissolution order, Mother had primary physical custody of the parties' two children, L.B. and P.B. Father filed a motion to modify custody in 2013, which the trial court denied.

[3] In June 2017, Father filed another motion to modify custody. The trial court held a hearing and then, on August 1, 2017, the trial court granted Father custody of L.B. and P.B. in an order that provided, in pertinent part:

> The Court finds that there has been a substantial change in one (1) or more of the factors that the court may consider under Indiana Code 31-17-2-8 such that it is now in the best interest of the children that custody be awarded to Father.
>
> Mother is awarded parenting time from Friday, August 4, 2017, at 8:00 p.m. CST to Sunday, August 6, 2017, at 6:00 p.m. CST, and at all times and places as agreed to by the parties. If the parties are unable to agree on specific parenting time, Mother shall have the children every other Thanksgiving break, half of every Christmas break, each Spring break, and half of every summer break. Mother's parenting time during these holidays shall be pursuant to the Indiana Parenting Time Guidelines.

(Appellant's App. Vol. 2 at 13.)

[4] Mother filed a motion to reconsider on August 24, 2017. Therein she requested the trial court conduct new in-camera interviews with L.B. and P.B. because the children had admitted to her that they had been dishonest in their earlier

interviews. (*See id*. at 16.) Father opposed Mother's motion and requested supervised visitation based on his belief Mother was "badgering the minor children during her visitations." (*Id*. at 24.) The court, on Mother's motion, appointed a Guardian Ad Litem ("GAL"), who investigated and then filed her report on January 12, 2018. (*See id*. at 34-50.)

[5] The trial court held a hearing on all pending motions on January 22, 2018. At that hearing, Mother withdrew her objection to L.B. remaining in Father's custody, but she still sought custody of P.B. The GAL, in both her report and her testimony, recommended Father retain custody of both children. The trial court denied Mother's motion to reconsider and Mother's motion for in-camera interviews of the children.[1] On February 13, 2018, Mother filed a notice of appeal.

# Discussion and Decision

[6] Mother states the issue on appeal is whether the trial court "abused its discretion when issuing its order denying Mother's Petition for Modification of Custody."[2] (Br. of Appellant at 4.) However, the Chronological Case

---

[1] The trial court disposed of other pending motions, but as those motions are not pertinent the issue before us, we choose not to elaborate.

[2] Father did not file an appellee's brief. When an appellee does not file a brief, we will "not undertake the burden of developing arguments" on that party's behalf. *Thurman v. Thurman*, 777 N.E.2d 41, 42 (Ind. Ct. App. 2002). Rather, we apply "a less stringent standard of review" and may reverse if the appellant establishes *prima facie* error. *Id*. *Prima facie* "means at first sight, or on first appearance, or on the face of it." *Id*.

Summary ("CCS") contains no indication Mother filed a petition to modify custody following the court's order of August 1, 2017. Instead, at the beginning of the January 22, 2018, hearing on the parties' multiple pending motions, the trial court determined Wife's still-pending motion was a motion to reconsider the trial court's August 1, 2017, order modifying custody. (*See* Tr. at 5.) The parties then explained what other motions were still before the court:

> THE COURT: Are there any other preliminary maters [sic]?
>
> [Father's Counsel]: Yes, sir, before it has been filed on August the thirtieth a Motion for supervised visitation, which we would dismiss at this time. So I believe that leaves for [sic] Husbands [sic] Motion for return of children's personal property, former Wife's Motion to reconsider, and former Wife's citation for contempt. I believe [Mother's Counsel] advised the Court and the parties prior to coming in here today that he is no longer seeking custody request for change of custody with regard to [L.B.], just with regard [to P.B.].
>
> [Mother's Counsel]: Yes, you're [sic] Honor that is correct. We also have a Motion for in-camera inspection that [is pending] as well.
>
> THE COURT: Okay. Alright so I will grant the request to withdraw the motion for supervised parent time filed by Father and I'll also show that the issue of Custody of the parties' minor daughter is not an issue here today.

(*Id*. at 7-8.)  At no point during those preliminary discussions did either party or the trial court assert a *new* motion to modify custody had been filed.  Then, at the end of the hearing, the trial court announced:

> The Court is going to deny the In-camera Interview of the children.  The Court is going to deny Mother's Petition for Contempt, the Court is going to Deny Father's Petition to return property.  Custody shall remain as previous [sic] ordered.  The Court will make such other orders as necessary as a result of these findings and I will issue a full written order in the near future.

(*Id*. at 65.)  Thus, the record simply does not support Mother's assertion she had filed a motion for modification of custody that was pending before the court.[3]

[7]     Instead, as noted above, the trial court concluded it was deciding Mother's motion to reconsider its August 1, 2017, order transferring custody to Father.  However,

> Mother's motion cannot be considered a true motion to reconsider, as the court no longer had the power to rule on such a motion.  Our review of the trial rules reveals that motions to reconsider are properly made and ruled upon prior to the entry of final judgment.  *See* Ind. Trial Rule 53.4(A).  After final judgment has been entered, the issuing court retains such continuing jurisdiction as is permitted by the judgment itself, or as is given the court by statute or rule.  One such rule is Trial Rule 59 which

---

[3] We note the trial court's written "Order of January, 2018" indicates the hearing was on six motions, including "Mother's Motion to Reconsider" and "Mother's Motion to Change Custody." (Appellant's App. Vol. 2 at 53.) The court also "denied" her "Motion for Change of Custody." (*Id*.) However, the trial court's inclusion of that language was error as no such motion had been filed.

provides the court, on its own motion to correct error or that of any party, the ability to alter, amend, modify or even vacate its decision following the entry of final judgment. Accordingly, although substantially the same as a motion to reconsider, a motion requesting the court to revisit its final judgment must be considered a motion to correct error. We decline to favor form over substance and, despite its caption, Mother's motion in the instant case should have been treated as a motion to correct error.

*Hubbard v. Hubbard*, 690 N.E.2d 1219, 1221 (Ind. Ct. App. 1998) (internal case citations omitted).

[8] In *Hubbard*, as in the case before us, the mother's motion at issue had been filed after the trial court entered a final order after a hearing arising from a motion to modify custody. In accordance therewith, we hold Mother's motion to reconsider was, in fact, a motion to correct error. *See id*. Moreover, in that case we explained

> the trial court is given a similar and related power to revise or vacate its decisions pursuant to Indiana Trial Rule 52(B). *See* Ind. Trial Rule 59(J)(4). Trial Rule 52(B) provides that in a case tried without a jury, the court may, at any time before a motion to correct error is required to be made, or with or as part of a motion to correct error by any party, take additional testimony, amend or make new findings of fact and enter a new judgment, or any combination thereof. Thus, at least up to and including the ruling on a motion to correct error, the trial court is permitted to alter, amend, or modify its judgment without limitation.

*Id*. (internal case citations omitted).

[9]     Herein, the trial court accepted additional evidence prior to ruling on Mother's motion to correct the error that she alleged occurred in the court's August 1, 2017, order that modified custody of Children to Father, and the trial court then denied Mother's motion to correct error in an order that did not contain any additional findings or conclusions. In such a situation, we review the denial of Mother's motion to correct error for an abuse of discretion. *See Stott v. Stott*, 737 N.E.2d 854, 857 (Ind. Ct. App. 2000) (reviewing for abuse of discretion denial of motion to correct error based on new evidence). "On appeal, we will not find an abuse of discretion unless the trial court's decision is clearly against the logic and effect of the facts and circumstances before it or is contrary to law." *Spaulding v. Cook*, 89 N.E.3d 413, 420 (Ind. Ct. App. 2017), *trans. denied*.

[10]    Mother argues the evidence in the record simply did not support the trial court's decision. However, the GAL filed a report that stated:

> It is recommended that the parties share joint legal custody of the minor children. Each party should have the right to receive medical or educational information about either of the children. However, it is recommended that [Father] continue to be awarded sole physical custody. Said recommendation is made because of the weight of the relationships that the children have in [Father]'s home and the environment.

(Appellant's App. Vol. 2 at 48.) She also testified that Father appeared to be well informed about P.B.'s educational needs, that she did not want to separate the children from one another, that the children get along well with one another and are "very close." (Tr. at 23.) As a result of everything the GAL had

learned in her investigation, she testified: "I believe that overall, based on everything that is [sic] probably would be in [P.B.]'s best interest to remain in [Father's] custody." (*Id*. at 25.) Given that testimony and report, we cannot say the trial court abused its discretion in denying Mother's motion to correct error.

# Conclusion

The record does not demonstrate the trial court abused its discretion when it denied Mother's motion to correct error. Accordingly, we affirm.

Affirmed.

Baker, J., and Robb, J., concur.