## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

FILED

May 29 2019, 9:16 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



**APPELLANT PRO SE**

M.H.
Merriville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Matter of the Paternity of M.P., Minor Child | May 29, 2019 |
| | Court of Appeals Case No. 18A-JP-2861 |
| M.H., *Appellant-Respondent,* | Appeal from the Lake Superior Court |
| v. | The Honorable Thomas P. Stefaniak, Jr., Judge |
| L.P., *Appellee-Petitioner* | The Honorable Aimee Talian, Magistrate |
| | Trial Court Cause No. 45D06-1310-JP-1805 |

**May, Judge.**

[1]     M.H. ("Father") appeals the trial court's order granting a petition by L.P. ("Mother") to transfer jurisdiction of pending issues in the paternity case involving M.P. ("Child") from Indiana to Texas. We affirm.

# Facts and Procedural History[1]

[2]     Mother gave birth to Child on September 18, 2013, in Lake County, Indiana. On October 25, 2013, Father filed a petition to establish paternity in Lake Superior Court. On December 18, 2014, the court issued an order establishing Father's paternity of Child but ordering the parties to engage in mediation to determine custody and support. On February 12, 2015, the trial court approved an agreement addressing these issues drafted by the parties.

[3]     On May 5, 2015, Mother filed a notice of intent to relocate to Texas. On July 17, 2015, the parties filed an agreement regarding Mother's relocation to Texas. Mother was permitted to relocate to Texas and take Child with her; Father would cease paying child support and would support Child during his parenting time, which consisted of extended times over breaks and holidays.

[4]     On June 27, 2017, Father filed a petition for rule to show cause regarding custody and parenting time, alleging Mother had denied him parenting time. The parties filed with the court an agreement regarding that issue on October

---

[1] Father did not include a Chronological Case Summary in the portions of the trial court record in his Appendix. As noted *infra*, the exclusion of this crucial document is detrimental to our consideration of his issues on appeal. The dates we provide for procedural events are the dates on the orders themselves.

26, 2017. On December 14, 2017, Father filed another petition for rule to show cause regarding custody and parenting, again alleging Mother had denied him parenting time.[2]

On June 11, 2018, Mother filed a notice with the court indicating she intended to pursue transfer of jurisdiction of the matter to Texas. Father allegedly filed a motion on September 21, 2018, requesting the court order Mother to supply proof of Child's enrollment in school in Texas.[3] On November 6, 2018, Mother filed a motion for teleconference between the Indiana and Texas courts. At some point that teleconference occurred, and on November 13, 2018, the Indiana trial court entered an order transferring jurisdiction of the paternity matter to Texas.

# Discussion and Decision

We first note Mother did not file an appellee's brief. When an appellee does not submit a brief, we do not undertake the burden of developing arguments for that party. *Thurman v. Thurman*, 777 N.E.2d 41, 42 (Ind. Ct. App. 2002). Instead, we apply a less stringent standard of review and may reverse if the appellant establishes *prima facie* error. *Id*. *Prima facie* error is "error at first sight,

---

[2] It is unclear whether or when the trial court issued an order regarding this petition.

[3] Father did not file a copy of this motion or the trial court's decision thereon; therefore, we do not know when or if the motion was filed or ruled upon.

on first appearance, or on the face of it." *Van Wieren v. Van Wieren*, 858 N.E.2d 216, 221 (Ind. Ct. App. 2006).

[7] Father proceeds *pro se*. It is well settled that *pro se* litigants are held to the same standards as licensed attorneys, and thus they are required to follow procedural rules. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*. Fatal to Father's appeal is his non-compliance with several appellate rules, the two most egregious violations being of Indiana Appellate Rule 46(A)(8)(a) and Indiana Appellate Rule 50(2)(a).

[8] Indiana Appellate Rule 46(A)(8)(a) requires "[t]he argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on[.]" Father's brief does not contain citations to the record on appeal and one of his arguments relies on items not in the record before us. Further, while Father's brief contains multiple citations to legal precedent, it is unclear how any of that precedent relates to the issues he brings on appeal. Failure to present a cogent argument results in waiver of the issue on appeal. *Hollowell v. State*, 707 N.E.2d 1014, 1025 (Ind. Ct. App. 1999).

[9] Additionally, Indiana Appellate Rule 50(2)(a) requires the appellant provide the "chronological case summary for the trial court" as part of the Appendix. Father has not done so, and his failure has made it nearly impossible to discern the timeline of events. Because Father has not provided cogent argument or an

adequate record, we cannot determine error occurred below and, accordingly, we affirm the trial court's order to transfer the pending paternity matter from Indiana to Texas. *See*, *e.g.*, *Cox v. Cantrell*, 866 N.E.2d 798, 811 (Ind. Ct. App. 2007) (affirming transfer of jurisdiction where appellant failed to demonstrate *prima facie* error), *reh'g denied*, *trans. denied sub nom. Cox v. Cox*, 878 N.E.2d 215 (Ind. 2007).

# Conclusion

[10]    The issues raised by Father on appeal are waived for failure to make a cogent argument because he referenced items outside the record, did not cite to the record, and did not cite relevant legal precedent to support his arguments. Further, Father did not provide a Chronological Case Summary in his Appendix, and thus we are unable to confirm the chronology of events in this matter below, nor can we confirm some of the events Father claims occurred. Accordingly, we affirm.

[11]    Affirmed.

Mathias, J., and Brown, J., concur.