## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 03 2020, 9:05 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Shannon L. Robinson
Shannon Robinson Law
Bloomington, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| K.H., | January 3, 2020 |
| *Appellant-Respondent,* | Court of Appeals Case No. 19A-PO-1558 |
| v. | Appeal from the Monroe Circuit Court |
| Ki. H. by Child's Next Friend N.D., | The Honorable Judith Benckart, Judge |
| *Appellee-Petitioner* | Trial Court Cause No. 53C08-1906-PO-1358 |

**May, Judge.**

[1] K.H. ("Father") appeals the trial court's grant of a protective order requested for Ki.H. ("Child") by Child's next friend, N.D. ("Mother"). Because the trial court did not make findings to support its conclusion a protective order should be issued, we reverse.

# Facts and Procedural History

[2] Mother and Father are parents of Child. Mother and Father are in the process of a divorce. On June 18, 2019, Mother filed a petition for an order of protection on behalf of Child based on an alleged incident in which Child sustained bruises. The trial court held a hearing on the matter on June 20, 2019, granted Mother's petition on behalf of Child, and issued a six-month Order of Protection.

# Discussion and Decision

[3] We first note Child, by next friend, Mother, did not file an appellee's brief. When an appellee does not submit a brief, we do not undertake the burden of developing arguments for that party. *Thurman v. Thurman*, 777 N.E.2d 41, 42 (Ind. Ct. App. 2002). Instead, we apply a less stringent standard of review and may reverse if the appellant establishes *prima facie* error. *Id*. *Prima facie* error is "error at first sight, on first appearance, or on the face of it." *Van Wieren v. Van Wieren*, 858 N.E.2d 216, 221 (Ind. Ct. App. 2006).

[4] Indiana Code section 34-26-5-2(a) establishes the criteria by which a trial court may grant an Order of Protection:

A person who is or has been a victim of domestic or family violence may file a petition for an order for protection against a:

> (1) family or household member who commits an act of domestic or family violence; or

> (2) person who has committed stalking under IC 35-45-10-5 or a sex offense under IC 35-42-4 against the petitioner.

Indiana Code section 34-26-5-9 gives the trial court authority to issue an Order of Protection based on the elements set forth in Indiana Code section 34-26-5-2(a). A person who requests a protective order must prove one of the elements of Indiana Code section 34-26-5-2(a) by a preponderance of the evidence. *Essany v. Bower*, 790 N.E.2d 148, 154-55 (Ind. Ct. App. 2003). In granting an Order of Protection, the trial court must *sua sponte* make special findings regarding at least one of the elements listed in Indiana Code section 35-26-5-2(a). *Hanuuer v. Hanauer*, 981 N.E.2d 147, 148 (Ind. Ct. App. 2013).

[5] Here the trial court made the following findings:

> This matter having been heard by the Court on 6/20/2019 pursuant to Indiana Code 34-26-5-10, the Court now makes the following Findings:

> a. N/A

> b. The Court is required to hold a hearing pursuant to Indiana Code § 34-26-5-10(b).

c. The Petitioner was present at the hearing and the Respondent was present.

d. This order does protect an intimate partner or child.

e. The Respondent had notice and an opportunity to be heard.

f. N/A

g. N/A

h. The Respondent does not agree to the issuance of the Order for Protection.

i. The following relief is necessary to bring about a cessation of the violence or threat of violence.

(App. Vol. II at 6.) The rest of the order indicates Father was enjoined from committing or threatening to commit other acts of domestic or family violence against Mother, Child, and two other people; that Father was to stay away from Mother's house and place of employment; and Father has limited supervised visitation with Child. Nowhere in the order does the trial court indicate that Child, the subject of the order was either (1) a victim of domestic or family violence or (2) a victim of stalking as required by Indiana Code section 34-26-5-2(a).

[6] As the trial court made no such finding, we conclude Father has presented *prima facie* error, and we reverse. *See Tisdial v. Young*, 926 N.E.2d 783, 785 (Ind.

Ct. App. 2010) (trial court may issue or modify an order for protection only upon finding that domestic or family violence has occurred), *trans. denied*.

# Conclusion

[7] The trial court did not make a finding of domestic or family violence or of stalking as to support its conclusion to issue an order of protection on behalf of Child against Father. Accordingly, we reverse.

[8] Reversed.

Crone, J., and Pyle, J., concur.